

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-17-00335-CV

KELLY THOMAS                                                                 APPELLANT

V.

STANDARD CASUALTY                                                    APPELLEES
COMPANY, MIKE MADDEN,
PRESTIGE CLAIM SERVICE,
MARK ANDERSON, AND SCOTT
SCHMIDT

----------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 17-3697-431

----------

## MEMORANDUM OPINION[1]

----------

Appellant Kelly Thomas, who is proceeding pro se, invokes civil practices and remedies code section 171.098(a)(1) in an attempt to bring an interlocutory appeal from the trial court's order denying her "Motion to Compel Arbitration."

---

[1]*See* Tex. R. App. P. 47.4.

*See* Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1) (West 2011). Under section 171.098(a)(1), we have jurisdiction to consider an appeal from a trial court's interlocutory order that denies an application to compel arbitration made under section 171.021. *See id.* Appellees Standard Casualty Company, Mike Madden, Prestige Claim Service, Mark Anderson, and Scott Schmidt filed a motion to dismiss on the ground that we lack jurisdiction over this appeal because, among other reasons, this appeal is not authorized under section 171.098(a)(1). We conclude that Thomas's motion to compel arbitration was not an application to compel arbitration made under section 171.021 and, consequently, that this appeal is not authorized under section 171.098(a)(1). We therefore grant Appellees' motion to dismiss, and we dismiss this appeal for want of subject-matter jurisdiction.

## I. BACKGROUND

Thomas filed a pro se lawsuit against Appellees alleging claims for breach-of-contract, violations of chapters 541 and 542 of the insurance code, violations of the Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing. She filed a motion to compel arbitration in which, broadly construed, she asked the trial court to compel Appellees to arbitrate her dispute with them pursuant to business and commerce code section 17.5051, civil practices and remedies code section 154.021, and insurance code section 541.161. *See* Tex. Bus. & Com. Code Ann. § 17.5051 (West 2011); Tex. Civ. Prac. & Rem. Code Ann. § 154.021 (West 2011); Tex. Ins. Code Ann. § 541.161

2

(West 2009). Following a hearing, the trial court denied Thomas's motion. Thomas now attempts an interlocutory appeal from that order.

## II. JURISDICTION

Generally, appeals may not be taken from interlocutory orders unless authorized by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). In her notice of appeal, the statute upon which Thomas relies as authorizing her appeal from the trial court's interlocutory order denying her motion to compel arbitration is civil practices and remedies code section 171.098(a)(1). That statute provides,

> (a) A party may appeal a judgment or decree entered under this chapter or an order:
>
> > (1) denying an application to compel arbitration made under Section 171.021.

Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1). Section 171.021 provides, in pertinent part,

> (a) A court shall order the parties to arbitrate on application of a party showing:
>
> > (1) an agreement to arbitrate; and
>
> > (2) the opposing party's refusal to arbitrate.

*Id.* § 171.021(a)(1)–(2) (West 2011). In her motion to compel arbitration, Thomas did not allege, let alone establish, the existence of any agreement with Appellees to arbitrate, nor did she ask the trial court to compel arbitration on the basis of any agreement with Appellees to arbitrate. *See Ellis v. Schlimmer*, 337 S.W.3d

3

860, 861–62 (Tex. 2011) (noting that a party seeking to compel arbitration under section 171.021(a) "must first establish the existence of a valid arbitration agreement"). Rather, the legal bases upon which Thomas sought to compel arbitration were business and commerce code section 17.5051, civil practices and remedies code section 154.021, and insurance code section 541.161.[2] The trial court's denial of her motion to compel arbitration was not, therefore, a denial of "an application to compel arbitration made under Section 171.021." *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1). Accordingly, civil practices and remedies code section 171.098(a)(1) does not confer jurisdiction on this court to review the trial court's interlocutory order denying Thomas's motion to compel arbitration. *See id.*

Because no statute authorizes an appeal from the trial court's interlocutory order denying Thomas's motion to compel arbitration, we lack subject-matter

[2]We note that each of these provisions does deal generally with the subject of alternative dispute resolution. Both business and commerce code section 17.5051 and insurance code section 541.161 generally provide that a party may file a motion to compel mediation. *See* Tex. Bus. & Com. Code Ann. § 17.5051; Tex. Ins. Code. Ann. § 541.161. And civil practices and remedies code section 154.021 generally authorizes the trial court to refer a matter to alternative dispute resolution. *See* Tex. Civ. Prac. & Rem. Code Ann. § 154.021(a). Motions seeking relief under those provisions are, however, distinct from motions seeking to compel arbitration under civil practices and remedies code section 171.021(a), which seek to enforce arbitration agreements that exist between the parties. *See* *Ellis*, 337 S.W.3d at 861–62. And while there is statutory authorization to appeal from an interlocutory order denying a motion to compel arbitration made under this latter statutory provision, *see* Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1), there is no similar authorization to appeal from an interlocutory order denying a motion to compel arbitration made under any of the former three statutory provisions.

4

jurisdiction over this appeal. *See Lehmann*, 39 S.W.3d at 195, 200. Accordingly, we grant Appellees' motion to dismiss, and we dismiss this appeal for want of subject-matter jurisdiction.[3] *See* Tex. R. App. P. 43.2(f).

/s/ Lee Gabriel

LEE GABRIEL

PANEL: GABRIEL, KERR, and PITTMAN, JJ.

DELIVERED: December 14, 2017

---

[3]Thomas filed a "Motion to Strike Filings" and another motion entitled "Letter to Add Second Request to Extend Time and Order on Motion to Strike Unrelated Exhibits Granted." Because we lack jurisdiction over this appeal, we take no action on these motions. *See Elliott v. Deutsche Bank Nat'l Tr. Co.*, No. 02-16-00421-CV, 2017 WL 526315, at *1 n.2 (Tex. App.—Fort Worth Feb. 9, 2017, no pet.) (mem. op.); *Scales v. Horsley*, No. 02-16-00328-CV, 2016 WL 6277382, at *1 n.3 (Tex. App.—Fort Worth Oct. 27, 2016, pet. denied) (mem. op.).